IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ROBIN INGE,** § | | |
| On Behalf of D.J.I., § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No. 7:09-CV-95-O | |
| § | | |
| **MICHAEL J. ASTRUE,** § | | |
| Commisioner of Social Security, § | | |
| § | | |
| **Defendant.** § | | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (Doc. 17). After being denied Supplemental Security Income, Plaintiff objects to the Magistrate Judge's findings (Docs. 18). She raises three issues.

First, Plaintiff takes issue with the Magistrate Judge's application of the *slight impairment* standard and the finding that the Administrative Law Judge (ALJ) applied the standard. Second, Plaintiff argues that applying the wrong severity standard is a legal error and requires no showing of harm. Third, Plaintiff argues that a finding that the substantial impairment fails at the third step of the evaluation process does not rectify an error in the second step.

Regarding Plaintiff's first argument, the Fifth Circuit held that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Plaintiff looks at the language in isolation, rather than in context. In *Story v. Astrue*,

the Fifth Circuit noted that being blind in one eye is an impairment, but the movant was able to perform work nonetheless. 294 Fed. Appx. 883, 884 (5th Cir. 2008). In this case, although the ALJ did not cite language from *Stone* specifically, he correctly applied the test. The ALJ noted that although the impairments effected Plaintiff, he still performed at his grade level and was improving under his medication. Thus, the correct severity standard was applied, despite the fact that the ALJ did not cite the language or expressly state the standard. As Plaintiff concedes, magic language is not necessary, it is the application of the correct standard that is essential, (Doc. 18, PageID136). The Court need not assess whether application of a wrong standard is a legal error and whether an error at the second step can be rectified by the impairment failing at the third step nonetheless. Since the ALJ applied the correct severity standard and the other two arguments are contingent upon the Court finding an error at step two, the Court finds the remaining arguments are moot.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 17) and Plaintiff's Objection thereto (Docs. 18), in accordance with 28 U.S.C. § 636 (b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. By separate judgment, the Court formally dismisses this action.

**SO ORDERED** on this **14th** day of **June, 2010.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**